Honorable Thomas J. Callanan State Director Division of Probation
Your counsel has asked whether a probation officer in a local probation department or in the direct service provided by your division must be a United States citizen.
New York law defines probation officers, including those employed by local probation departments, as "peace officers" (New York Criminal Procedure Law, § 2.10[24]; New York Executive Law, § 257[5]).
Chapter 133 of the Laws of 1982 (effective June 1, 1982), introduced at the request of the Law Revision Commission, repeals citizenship requirements for many types of public employment. In the Memorandum to the Legislature on the bill that became chapter 133, the Commission said:
 "Existing § 3 (subd. 1) and § 3-b of the Public Officers Law prohibit the appointment or election of non-citizens as public officers or peace officers, respectively. These statutes would not be affected by the proposed bill and would adequately protect against the employment of aliens in sensitive public positions involving discretionary authority over citizens." (1981 Leg. Doc. No. 65[H], reproduced in McKinney's 1982 Session Laws of New York 2336 at 2337.)
We assume that the Legislature in enacting chapter 133 accepted the Commission's reading of section 3-b as requiring all peace officers to be United States citizens.
In January 1982, the United States Supreme Court held that California's citizenship requirement for probation officers as peace officers was constitutional (Cabell v Chavez-Salido, 454 U.S. 432). There is no reasonable basis for distinguishing New York's citizenship requirement for probation officers from that upheld by the Supreme Court in Cabell.
Although there may be sound policy considerations for not requiring probation officers to be citizens, particularly in communities with significant resident alien populations, those considerations are appropriately left for the Legislature. To date, the Legislature has required United States citizenship of all probation officers appointed in New York.